IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC PEKNEY, | |
| Plaintiff, | **4:20CV3010** |
| vs. | |
| THE FORT, INC., | **FINDINGS AND RECOMMENDATION AND ORDER** |
| Defendant. | |

On January 17, 2020, Defendant The Fort, Inc. ("Defendant") timely removed this action from the District Court for Lancaster County, Nebraska. (Filing No. 1). Thereafter, on January 22, 2020, Plaintiff Eric Pekney ("Plaintiff") moved for leave to amend his complaint and then moved to remand this action. (Filing Nos. 5 and 7). For the reasons set forth below, Plaintiff's motion for leave to amend will be denied as moot, and his motion to remand should be granted.

ANALYSIS

Removal of civil actions from state court to federal court is authorized by 28 U.S.C. § 1441(a), which states:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); see also Mensah v. Owners Ins. Co., 951 F.3d 941, 943 (8th Cir. 2020) ("[a]n action may be removed to federal court only if the action could have been originally filed in federal district court") (internal citation omitted).

Federal district courts are courts of limited jurisdiction, with the extent of that jurisdiction defined by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986) (citing Marbury v. Madison, 5 U.S. 137 (1803)). Where, as in this case, removal is based on federal question jurisdiction under 28 U.S.C. § 1331, Defendant must show that a claim within Plaintiff's complaint arises under federal law in order to properly invoke original federal jurisdiction. If Defendant meets this burden, removal of the entire action is proper, including any alleged state-law claims arising from the same core of operative facts. See 28 U.S.C. § 1367; Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005) (citing Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996)).

The court reviews the allegations existing at the time of removal to determine whether a case was properly removed. See Leaf Supreme Prod., LLC v. Bachman, 2019 WL 2588195, at *2 (D. Neb. June 20, 2019), report and recommendation adopted, 2019 WL 2582560 (D. Neb. June 24, 2019) (citations omitted). Here, prior to moving for remand, Plaintiff filed a motion for leave to amend his complaint.[1] Plaintiff sought leave "to remove the Federal Claims (which are untimely) …[.]" (Filing No. 5 at CM/ECF p. 1). Plaintiff claims he is "abandoning and no longer makes any federal claims under Title VII, and thus there is no remaining jurisdiction for this case to be in federal court." (Filing No. 7 at CM/ECF p. 2). But post-removal pleading amendments have no bearing on the propriety of the initial removal. Leaf Supreme, 2019 WL 2588195, at *2.  The court will look only to Plaintiff's original,

---

[1]  The court notes that Plaintiff's motion for leave to amend was procedurally unnecessary. At the time of the amendment, Plaintiff was entitled to amend as a matter of course under Fed. R. Civ. P. 15(a)(1). Plaintiff could have simply filed an amended complaint without informing the court of its intent to do so: In instances where Rule 15(a)(1) applies, no leave of court is necessary in order to amend. See generally 61A Am. Jur. 2d Pleading § 704 (2018). On that basis, the court will deny Plaintiff's Motion to Amend (Filing No. 5) as moot but acknowledges that Plaintiff's First Amended Complaint (Filing No. 6) is the currently operative pleading.

rather than amended, complaint to evaluate the existence of original federal jurisdiction.

Plaintiff claims that "inclusion of the statutory reference and caption for Title VII [in the original complaint] were errant." (Filing No. 16 at CM/ECF p. 1). While that may be, whether Plaintiff intended to allege a federal cause is immaterial. The court evaluates the face of the complaint – no ancillary circumstance or rationale will be considered. Phipps, 417 F.3d at 1010. If at least one federal question appears on the face of a plaintiff's complaint—even one that the plaintiff mistakenly or unintentionally pleaded—then the defendant may remove the entire case. Id. Plaintiff's allegations of discrimination included reference to both federal and state statutory schemes. (Filing No. 1 at CM/ECF pp. 6 and 11).  And the facts pleaded could arguably support an action under both state and federal law. Whether Plaintiff was likely to prevail on that claim, or whether Defendant had valid defenses to assert, is not relevant to the jurisdictional analysis.

Based on the foregoing analysis, the court finds that this action was properly removed. However, given that Plaintiff has now abandoned his federal claims, (Filing No. 6), the court must determine whether it will retain jurisdiction over Plaintiff's state law claims or will remand this action for adjudication in state court. 28 U.S.C. § 1367.

It is within the district court's discretion to exercise supplemental jurisdiction after dismissal, voluntary or otherwise, of all federal claims included in a given lawsuit. Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1249 (8th Cir.2006); Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark., 758 F.3d 1038, 1045 (8th Cir. 2014) (determining that the court  "may decline to exercise supplemental jurisdiction over a claim…if... the district court has dismissed all claims over which it has original jurisdiction").

"In deciding whether to remand a case in this context, the courts consider 'factors such as judicial economy, convenience, fairness and comity.'" Glorvigen v. Cirrus Design Corp., 581 F.3d 737, 749 (8th Cir. 2009) (quoting Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1249 (8th Cir.2006)). And when "resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise [supplemental] jurisdiction." Farris v. Exotic Rubber and Plastics of Minn., Inc., 165 F.Supp.2d 916, 919 (D.Minn.2001) (citing Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir.1997)); see also Gregoire v. Class, 236 F.3d 413, 420 (8th Cir.2000) (stating that "[t]he judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible.") (quoting Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir.1990)).

This lawsuit is at the beginning stages—an answer has not been filed, discovery has not commenced, and no motions have been filed regarding the substantive allegations. In other words, irrespective of whether the case proceeds in federal or state court, there will be no duplication of effort as to the merits of this case. And the Lancaster County District Court is fully, if not better, suited to analyze the merits of the plaintiff's state law claims.

Having considered the relevant factors, the court finds, on balance, that it should not exercise its discretion to retain jurisdiction over the remaining state law claims.[2]  Accordingly,

---

[2] Defendant claims that Plaintiff has waived his right to seek remand, arguing that by moving to amend in federal court, Plaintiff had consented to litigating in this forum. The court is not convinced. The cases cited by Defendant are distinguishable. It is true that when substantial litigation or "vigorous briefing" occurs in the federal district court, the court may properly find waiver of the right to remand. Koehnen v. Herald Fire Insurance Company, 89 F.3d 525 (8th Cir. 1996). Here, the entire course of the federal litigation has been focused on remand. The court declines to find waiver simply because Plaintiff amended his complaint as a matter of right under Fed. R. Civ. P. 15(a).

IT IS ORDERED that Plaintiff's Motion to Amend (Filing No. 5) is denied as moot.

IT IS FURTHER RECOMMENDED to the Honorable John M. Gerrard, Chief United States District Judge, that Plaintiff's Motion for Remand (Filing No. 7) be granted.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 13th day of April, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge