IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC PEKNEY, <br><br> Plaintiff, <br><br> vs. <br><br> THE FORT, INC., <br><br> Defendant. | 4:20-CV-3010 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the defendant's objection (filing 19) to the magistrate judge's findings and recommendation (filing 18) that the plaintiff's motion to remand (filing 7) be granted. The Court will overrule the objection, adopt the findings and recommendation, grant the plaintiff's motion, and remand this case to state court.

The question is whether the Court should exercise its discretion to retain jurisdiction over the plaintiff's remaining state-law claim, the plaintiff having dismissed any federal claim to the extent one was asserted in the first place.[1] The Court *may* continue to exercise supplemental jurisdiction over the state-law claim. *See* 28 U.S.C. § 1367(a) and (c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009). But the Court can also remand that claim to state court. *See* § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The Court has "broad discretion in determining whether to exercise supplemental jurisdiction[,]" *Crest Const. II, Inv. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011), and, in fact, where "resolution of the remaining claims depends solely on a determination of state law, the Court *should* decline to exercise

---

[1] The plaintiff contends that any federal claim was inadvertently included only in the caption of its initial complaint, but that is neither here nor there.

jurisdiction." *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (emphasis supplied) (quotation and citations omitted).

That determination, the Court must consider factors such as judicial economy, convenience, fairness, and comity. *Id.*; *see Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016). But "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wilson*, 821 F.3d at 971; *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) (quotation and citations omitted). The Court finds no factor that distinguishes this case from the usual case. *See Wilson*, 821 F.3d at 971.

The defendant's arguments to the contrary are unpersuasive. To begin with, the Court is not persuaded that forum-shopping is at issue here: there's no indication that plaintiff's counsel is being anything other than candid about his "federal claim" being inadvertent. Nor has the plaintiff waived the right to seek a remand: while a procedural defect in removal, such as untimeliness, may be waived, *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996), the plaintiff is not asserting a procedural defect here. Rather, the plaintiff's motion to remand is simply a vehicle to ask the Court to exercise its discretion not to retain a state-law claim. Finally, the defendant also suggests that if the Court declines jurisdiction, it must dismiss the state-law claim instead of remanding it. Filing 19 at 5-6. That's incorrect: the Court may remand a removed claim after declining pendent jurisdiction, and in fact a remand is often preferable. *See Cohill*, 484 U.S. at 351-55.

In sum, the defendant points to no factor that distinguishes this case from the usual case. Accordingly, the plaintiff's claim properly belongs in state court. *See Zubrod v. Hoch*, 907 F.3d 568, 581 (8th Cir. 2018).

IT IS ORDERED:

1.  The defendant's objection (filing 19) is overruled.

2.  The magistrate judge's findings and recommendation (filing 18) are adopted.

3.  The plaintiff's motion to remand (filing 7) is granted.

4.  This case is remanded to the District Court for Lancaster County, Nebraska.

5.  A separate judgment will be entered.

Dated this 18th day of May, 2020.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge